UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NATIONAL IMMIGRATION LITIGATION ALLIANCE,<br><br>       Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>       Defendant. | Case No. _____<br><br>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |

## INTRODUCTION

1. This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 *et seq.*, seeking to compel Defendant U.S. Department of Homeland Security (DHS) to immediately release records relating to a July 10, 2024 letter from Representatives Mark E. Green and James Comer, in their capacities as Chairmen of the Committees on Homeland Security and Oversight and Accountability respectively, to DHS Secretary Alejandro Mayorkas relating to the Supreme Court's decision in *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024), (Request), attached as Exhibit A. Plaintiff National Immigration Litigation Alliance seeks declaratory, injunctive, and other appropriate relief with respect to Defendant's unlawful withholding of these records.

2. The Supreme Court's decision in *Loper Bright* overturned *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1983), which underpinned judicial deference to agency actions for nearly half a century. As an organization that litigates such

agency actions and is comprised of members who do the same, Plaintiff has a strong interest in the immigration-related records that are the subject of the

3.  Accordingly, on August 29, 2024, Plaintiff submitted a request pursuant to FOIA to Defendant, requesting all records "prepared, received, transmitted, collected, and/or maintained by" DHS in response to the Green and Comer letter. After DHS produced 5-pages of nonresponsive records on October 9, 2024, Plaintiff electronically submitted an administrative appeal on October 15, 2024, which DHS finally acknowledged receiving on November 14, 2024. The appeal remains pending.

4.  Despite its statutory obligation to do so, Defendant has failed to adjudicate Plaintiff's appeal and produce records. Accordingly, Plaintiff is entitled to judgment declaring that Defendant has violated FOIA and ordering Defendant to release all records responsive to Plaintiff's FOIA request.

## JURISDICTION AND VENUE

5.  This Court has subject-matter jurisdiction under 5 U.S.C. § 552 *et seq.* (FOIA statute), 28 U.S.C. § 1331 (federal question). The Court has jurisdiction to grant declaratory, injunctive, and further necessary or proper relief pursuant to 28 U.S.C. §§ 2201-02 (Declaratory Judgment Act).

6.  Venue is proper in this District under 5 U.S.C. § 552(a)(4)(B) because Plaintiff has its principal place of business in this District. Venue is also proper under 28 U.S.C. § 1391(e) because this is a civil action in which Defendant is a federal agency, there is no real property involved in this action, and Plaintiff resides in this District.

7.  Plaintiff electronically submitted an administrative appeal to Defendant on October 15, 2024, which Defendant finally acknowledged on November 14, 2024. To date,

Defendant has not made a determination on Plaintiff's administrative appeal pursuant to 5 U.S.C. § 552(a)(6)(A). Defendant's failure to make a determination on the appeal within the statutory time period constitutes a constructive denial of the appeal. Thus, Plaintiff is deemed to have exhausted administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

## PARTIES

8.      Plaintiff National Immigration Litigation Alliance (NILA) is a tax-exempt, not-for-profit organization under Section 501(c)(3) of the Internal Revenue Code, with its principal place of business in Brookline, Massachusetts. Founded in 2020, NILA was established to realize systemic change in the immigrant rights' arena by engaging in impact litigation and by building the capacity of social justice attorneys to litigate in federal court through co-counseling in individual cases and providing strategic assistance. In addition, NILA disseminates records obtained through FOIA and practice materials on its public website. As an immigrant rights' organization, Plaintiff has a direct interest in immigration-related responses to the Green and Comer letter.

9.      Defendant Department of Homeland Security is an agency within the meaning of 5 U.S.C. § 552(f)(1). DHS is the parent agency of several immigration-related component agencies, including U.S. Citizenship and Immigration Services, U.S. Immigration and Customs Enforcement, and U.S. Customs and Border Protection, and has possession and control over the records Plaintiff seeks.

## FACTUAL ALLEGATIONS

10.     On July 10, 2024, Representatives Mark E. Green and James Comer, in their capacities as Chairmen of the Committees on Homeland Security and Oversight and Accountability, respectively, transmitted a letter to DHS Secretary Alejandro Mayorkas,

requesting information relating to the Supreme Court's decision in *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024). The letter requested a response "no later than 5:00 p.m. on July 24, 2024." Exhibit A at 5.

11. On August 29, 2024, Plaintiff electronically submitted a FOIA request through DHS' SecureRelease Portal to DHS, requesting:

> Any and all memoranda, messages, letters, responses, and communications collected, prepared, received, and/or transmitted in connection with, or in response to, the July 10, 2024 letter from Representatives Mark E. Green and James Comer to Department of Homeland Security Secretary Alejandro Mayorkas requesting information relating to the Supreme Court's decision in *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024), attached as Exhibit A.

A copy of the FOIA request and accompanying letter from Representatives Green and Comer is attached as Exhibit A. DHS acknowledged receipt of the request on August 30, 2024. *See* Exhibit B.

12. On October 9, 2024, DHS produced a single, five-page document. *See* Exhibit C. The document consisted of the Committee for Homeland Security's instructions for responding to documents requests, like the letter from Representatives Green and Comer, that was the subject of Plaintiff's Request. DHS did not provide any communications connected to the receipt of, or response to, the letter.

13. On October 15, 2024, Plaintiff submitted an administrative appeal to DHS through the electronic SecureRelease portal, arguing that DHS' search was inadequate. *See* Exhibit D. Nearly a month after submission of the appeal, on November 14, 2024, DHS issued an acknowledgement of receipt. *See* Exhibit E.

14. Plaintiff reached out to DHS' Privacy Office on November 25, 2024, to inquire about the appeal. The next day, the agency replied that it had processed the appeal and sent it to

an administrative law judge, but that it had "no further information" to provide.

15.   To date, Plaintiff has not received a response to the administrative appeal.

16.   On information and belief, Defendant has not conducted an adequate search for records responsive to Plaintiff's request.

## CLAIMS FOR RELIEF

### COUNT ONE

**Violation of FOIA, 5 U.S.C. § 552(a)(6)**
**Failure to Timely Respond**

17.   All the foregoing allegations are repeated and realleged as though fully set forth herein.

18.   Pursuant to 5 U.S.C. § 552(a)(6)(A) and (B), Defendant is obligated to promptly adjudicate Plaintiff's administrative appeal and produce responsive records.

19.   Plaintiff submitted the administrative appeal on October 15, 2024. Defendant failed to issue a response, including a determination of whether to conduct a further search and produce additional records, in the time provided under 5 U.S.C. § 552(a)(6)(A)(ii) (20 days, excluding Saturdays, Sundays, and legal public holidays).

20.   Defendant's failure to disclose all responsive records within the statutory time period violates, at a minimum, 5 U.S.C. § 552(a)(6)(A) and (B) and the corresponding regulations.

### COUNT TWO

**Violation of FOIA, 5 U.S.C. § 552(a)(3)**
**Failure to Conduct an Adequate Search and to Disclose Responsive Records**

21.   All the foregoing allegations are repeated and realleged as though fully set forth herein.

22.   Defendant is obligated under 5 U.S.C. § 552(a)(3)(A), (C) to promptly conduct a

reasonable search for records responsive to Plaintiff's FOIA Request and to promptly produce those records, including in response to Plaintiff's administrative appeal.

23. Upon information and belief, Defendant has not conducted an adequate search for records responsive to Plaintiff's FOIA Request, including in response to Plaintiff's administrative appeal.

24. Defendant's failure to conduct a reasonable search and disclose all records responsive to the FOIA Request violates, at a minimum, 5 U.S.C. § 552(a)(3)(A), (C) and the corresponding regulations.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Assume jurisdiction over this action;

b. Declare unlawful Defendant's failure to make a determination on Plaintiff's administrative appeal within the statutory time frame and failure to conduct an adequate search for the records requested by Plaintiff;

c. Order Defendant to make an adequate and expeditious search for the requested records;

d. Order Defendant to expeditiously process and disclose all responsive, nonexempt records, and enjoin Defendant from improperly withholding the requested records;

e. Award Plaintiff costs and reasonable attorneys' fees under 5 U.S.C. § 552(a)(4)(E) and any other applicable statute or regulation; and

f. Grant such further relief as the Court deems just, equitable, and appropriate.

//

//

Respectfully submitted,

*s/ Tomas Arango*
Tomas Arango (MA SBN 714845)
Trina Realmuto (CA SBN 201088) *
NATIONAL IMMIGRATION LITIGATION ALLIANCE
10 Griggs Terrace
Brookline, MA 02446
 (617) 819-4447
tomas@immigrationlitigation.org
trina@immigrationlitigaiton.org

*Attorneys for Plaintiff*

**Pro hac vice application forthcoming*

Dated: December 20, 2024